**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3421-17T4

IN THE MATTER OF THE ESTATE
OF WARREN D. COLLINS,
Deceased.

_____

Submitted February 5, 2019 – Decided February 13, 2019

Before Judges Fisher and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. CP-0251-2017.

Peter Frederick Williams, Amy Fell, and Lisa Fitzburgh, appellants pro se.

Law Office of Benjamin M. Del Vento, PA, attorneys for respondent Estate of Warren D. Collins (Matthew Del Vento, on the brief).

PER CURIAM

Twelve non-charitable beneficiaries of the Estate of Warren D. Collins received bequests in 2012 in exchange for their execution of releases and refunding bonds. The estate commenced this action in 2017, seeking

reimbursement from the twelve of their proportionate share of the inheritance taxes paid by the estate to the State of New Jersey. Decedent's last will and testament clearly burdened the bequest recipients with the obligation to pay the death taxes attributable to the benefits received.

The probate judge summarily determined that the estate was entitled to the relief it sought, and three beneficiaries filed this appeal, arguing in a single pro se brief[1]:

> I. APPELLANTS['] EXECUTION AND RETURN OF BOND DOCUMENTS, SO ESTATE MANDATED, OCCASIONED A 2012 ESTATE $50,000 TAX-FREE WILL BEQUEST PAYMENT TO COMPLETE ALL REQUIRED PARTY ACTS . . . WHICH ESTOPS LATER 2017 CLAIM DENYING AGREED IMMUTABLE ACTIONS!
>
> II. TRIAL COURT ERROR WAS BASED UPON ITS OWN "PHANTOM" FACTS AND ASSUMPTIONS NOT SUBMITTED, OR ENTERED INTO EVIDENCE!
>
> III. THE NJ ATTORNEY GENERAL LACKS AUTHORITY TO RENDER "A JUDICIAL DETERMINATION["] . . . AN ACT THAT WOULD SUPERCEDE THIS EXCLUSIVE POWER AND AUTHORITY GIVEN THE COURTS OF NEW JERSEY.

---

[1] Their first and eighth points consist only of a preface and a conclusion. We have omitted those from this delineation and renumbered the remainder.

IV. THE DOCTRINE OF "APPORTIONMENT" ESPOUSED BY THE NEW JERSEY ATTORNEY GENERAL MAKES AN ERRONEOUS TAX APPLICATION ON SPECIFIC BEQUESTS PAID TO TESTATOR'S FRIEND AND ASSOCIATION BENEFICIARIES!

V. IN 2012, THE EXECUTOR CORRECTLY PERFORMS TESTATOR WILL DIRECTIONS FOR SPECIFIC BEQUEST PAYMENTS TO DEVISEES AND NOW, IN 2018, IS ESTOPPED TO ASSERT CONTRARY ILLEGAL "TURNCOAT" CLAIMS!

VI. ESTATE ATTORNEY ACTS ARE "QUICK AND LOOSE" MIS-STATING VITAL "BOND WORDING" AND NJ ATTORNEY GENERAL "DIRECTIVES" USING A "SUMMARY" HEARING TO AVOID A LAW REQUIRED PLENARY HEARING PROCESS!

We find insufficient merit in these arguments to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm substantially for the reasons set forth by Judge Walter Koprowski, Jr., in his well-reasoned and concise written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3421-17T4